IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| WILLIE JOHNSON, | ) | CASE NO. 8:09CV428 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MEMORANDUM |
| | ) | AND ORDER |
| TELECARE MENTAL HEALTH | ) | |
| SERVICES OF NEBRASKA, INC. | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the Motion to Dismiss (Filing No. 17) submitted by Defendant Telecare Mental Health Services of Nebraska, Inc. ("Telecare"), Plaintiff Willie Johnson's "Objection" to the Motion to Dismiss (Filing No. 29), and his Motion for Leave to Amend Complaint (Filing No. 30). For the reasons discussed below, the Motion to Dismiss will be granted, and the Objection and Motion for Leave to Amend Complaint will be denied.

## FACTS

For purposes of the pending motion to dismiss, the facts alleged in the Plaintiff's Complaint (Filing No. 1) are accepted as true.

Plaintiff Willie Johnson ("Johnson") is a 57-year-old African-American male, residing in Omaha, Nebraska. (Complaint, Filing No. 1, ¶ 2). Johnson was employed by Telecare, a Nebraska corporation that is an "employer" subject to the mandates of Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. § 2000(e)("Title VII"), and the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq*. ("ADEA"). (Complaint, ¶¶ 2-3).

In April 2008, Johnson was placed on administrative leave following allegations that he refused to perform certain duties and engaged in sexual harassment of female

employees. (*Id.*, ¶ 6). On or about April 25, 2008, Johnson was given a reprimand based on allegations that he watched inappropriate material on the computer, made threats, and engaged in sexual harassment. (*Id.*, ¶ 7). Johnson attended "sexual harassment training" and returned to work on April 27, 2008. (*Id.*). Thereafter, Johnson was placed on administrative leave again, following "more allegations" and the issuance of a protection order against him, initiated by two female employees. (*Id.*). On May 16, 2008, his employment with Telecare was terminated. (*Id.*, ¶ 8).

Johnson alleges that his termination was based on (1) his race, in violation of Title VII, (2) his sex, in violation of Title VII, (3) his race, in violation of 42 U.S..C. § 1981, and his age, in violation of the ADEA. (*Id.*, ¶¶ 12-19.) In support of these allegations, Johnson asserts that (1) his "performance was satisfactory and exceeded the performance of other employees who were similarly situated," (2) the allegations against him were made by "substantially younger, Caucasian females" and "were patently false," and (3) the reasons given for his termination were "not credible" and were "a pretext for race, gender and age discrimination." (*Id.*, ¶ 9).

## STANDARD OF REVIEW

Pursuant to the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotations and citations omitted). The complaint's "[f]actual allegations must

be enough to raise a right to relief above the speculative level." *Id.* Specifically, the complaint must contain "enough fact to raise a reasonable expectation that discovery will reveal evidence" to substantiate the necessary elements of the plaintiff's claim. *Id.* at 556.

When ruling on a Defendant's motion to dismiss, a judge must rule "on the assumption that all the allegations in the complaint are true," and "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that recovery is very remote and unlikely.'" *Id.* at 556 (quoting *Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974)). The complaint, however, must still "include sufficient factual allegations to provide the grounds on which the claim rests." *Gregory v. Dillard's, Inc.*, 565 F.3d 464, 473 (8th Cir. 2009) (citing 550 U.S. at 556 n.3). The Court, "therefore, is not required to divine the litigant's intent and create claims that are not clearly raised, and it need not conjure up unpled allegations to save a complaint." *Id.* (internal quotation marks and citations omitted).

*Twombly* "establish[ed] a plausibility standard for motions to dismiss." *Gregory, Inc.*, 565 F.3d at 473. "After *Twombly*, we have said that a plaintiff 'must assert facts that affirmatively and plausibly suggest that the pleader has the right he claims, rather than the facts that are merely consistent with such a right.'" *Gregory*, 565 F.3d at 473 (internal omissions removed) (quoting *Stalley v. Catholic Health Initiatives*, 509 F.3d 517, 521 (8th Cir. 2007)).

## DISCUSSION

### *Title VII Claims (Race and Sex Discrimination)*

Johnson's Complaint does not allege any direct evidence of discrimination, and so his Title VII claim is analyzed under the framework provided in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). Applying the *McDonnell Douglas* framework, the

Eighth Circuit Court has said: "To make a prima facie Title VII discrimination case, [a plaintiff] must show that he (1) is within the protected class, (2) was qualified to perform the job, (3) suffered an adverse employment action, and (4) has facts that give rise to an inference of discrimination." *Takele v. Mayo Clinic*, 576 F.3d 834, 838 (8th Cir. 2009), citing *McGinnis v. Union Pac. R.R.*, 496 F.3d 868, 874 (8th Cir. 2007). "A plaintiff may establish the fourth prong by producing facts that similarly situated employees, not in the protected class, were treated differently." *Id.*, citing *Wheeler v. Aventis Pharm.*, 360 F.3d 853, 857 (8th Cir. 2004).

Johnson has alleged that he (1) is within two protected classes, *i.e.*, black and male; (2) was qualified to perform his job; and (3) suffered an adverse employment action, *i.e.*, termination. He has not alleged, however, any facts that give rise to an inference of discrimination. For example, he has not alleged that fellow employees who were not in the protected classes, but who otherwise were similarly situated, *i.e.*, with similar allegations against them, were afforded preferential treatment by Telecare. See *Harvey v. Anheuser-Busch, Inc.*, 38 F.3d 968, 972 (8th Cir.1994) (For discriminatory discipline claims, employees are similarly situated only when they are involved in or accused of the same offense and are disciplined in different ways.)

Accordingly, Johnson's Complaint fails to state claims upon which relief can be granted under Title VII.

### 42 U.S.C. § 1981 Claim

Section 1981 provides that "(a) All persons . . . shall have the same right . . . to make and enforce contracts . . . and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens . . . ." 42 U.S.C. § 1981(a).

"Section 1981, as amended by the Civil Rights Act of 1991, provides a cause of action for discrimination in the employment relationship." *Bogren v. Minnesota*, 236 F.3d 399, 408 (8th Cir. 2000). "[A] plaintiff must demonstrate purposeful discrimination to support a § 1981 claim . . . and thus, the *McDonnell Douglas* burden-shifting framework is equally applicable . . . to a § 1981 claim[.]" *Id.* at 409.

Johnson's Complaint lacks any factual allegations demonstrating purposeful discrimination, and he has failed to state a claim upon which relief can be granted under Section 1981.

### *ADEA Claim*

"[T]he ADEA . . . makes it unlawful for an employer to take adverse action against an employee 'because of such individual's age.'" *Gross v. FBL Financial Services, Inc.*, 129 S. Ct. 2343, 2347 (2009). "To establish a disparate-treatment claim under the plain language fo the ADEA . . . a plaintiff must prove that age was the 'but-for' cause of the employer's adverse decision." *Id.*, at 2350.

For a plaintiff to demonstrate discrimination under the ADEA by comparing himself to others, he must "show that the other employees were younger than [he] and were similarly situated 'in all relevant respects.'" *Betz v. Chertoff*, 578 F.3d 929, 934 (8th Cir. 2009).

Johnson's Complaint alleges that he was discharged because of a variety of allegations against him that he considered to be "patently false" and "not credible." He does not allege that he was replaced by someone substantially younger, nor that younger employees who were similarly situated were treated differently by Telecare. He simply alleges that the women who initiated certain complaints and protection orders against him

were substantially younger than he was. The Complaint fails to state a claim upon which relief can be granted under the ADEA.

## *Motion for Leave to Amend*

Johnson filed no brief in opposition to the Motion to Dismiss. Instead, he submitted a single page "Objection" (Filing No. 29), stating that "the issues Defendant raises, regarding lack of comparator/similarly situated individuals to the Plaintiff, have been addressed, in that, Plaintiff has amended his original complaint." (*Id*.) The filing of the "Objection" is contrary to the Court's local rule, NECivR 7.0.1(b):

> The party opposing a motion must not file an . . . "objection," or . . . any similarly titled responsive pleading. Rather, the party must file a brief that concisely states the reasons for opposing the motion and cites to supporting authority.

Johnson then filed a Motion for Leave to Amend Complaint (Filing No. 30) with a copy of the proposed Amended Complaint attached (Filing No. 30-1). The proposed Amended Complaint does not cure the defects in the original Complaint, but simply includes derogatory and scandalous allegations against Johnson's accusers. The Court concludes that the filing of the Amended Complaint would be futile, and the Motion to Amend will be denied.

Accordingly,

IT IS ORDERED:

1. The Defendant Telecare Mental Health Services of Nebraska, Inc.'s Motion to Dismiss (Filing No. 17) is granted;

2. The Plaintiff Willie Johnson's Objection (Filing No. 29) is denied;

3. The Plaintiff Willie Johnson's Motion for Leave to Amend (Filing No. 30) is denied; and

4.     The Plaintiff Willie Johnson's Complaint (Filing No. 1) is dismissed, with prejudice, the parties to bear their own costs and attorney fees.

DATED this 1st day of April, 2010.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge